# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**MARLIN COTTER**                                                   **PLAINTIFF**

v.                                       **CIVIL ACTION NO. 2:12-CV-18-KS-MTP**

**UNITED STATES DEPARTMENT OF**
**AGRICULTURE, et al.**                                            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants** Defendant's Motion for Summary Judgment [65] and **denies as moot** Plaintiff's Motion in Limine [62]. The Court will enter a separate judgment in accordance with Rule 58.

## I. BACKGROUND

In 2005, Plaintiff began working for the United States Forest Service. He worked as a Fire Prevention Technician in the Chickasawhay Ranger District in Laurel, Mississippi. On July 18, 2006, Plaintiff fell into a large stump hole while marking trees with a paint gun, injuring his right elbow. He sought treatment and was diagnosed with tendonitis.

Plaintiff's doctor instructed him to restrict his work to "desk job" duties, but his supervisor, Ranger Robert E. Lee, continued to assign him to field work and other tasks which allegedly required physical exertion beyond that prescribed by Plaintiff's doctor. Plaintiff claims that he protested these assignments and complained of aggravations to his existing injury, but that Lee ignored his protests and his doctor's instructions. Plaintiff also alleges that Lee harassed him throughout the fall of 2006.

Plaintiff went on medical leave in November 2006, and he did not return to work

until October 2009. After he returned to work, he continued to experience health problems. He claims that his left arm was injured in April 2010 because of overuse after the injury to this right arm. He further claims that his supervisors exacerbated the condition by failing to assign duties which accommodated his diminished physical ability, and that they have continually harassed him throughout his employment.

Plaintiff brought a variety of claims. He alleged that Defendants' actions violated the Americans with Disabilities Act ("ADA"), Title VII, 42 U.S.C. § 1981, the Rehabilitation Act of 1973, the Civil Service Reform Act of 1978 ("CSRA"), the Equal Employment Opportunity Act of 1972 ("EEOA"), the due process clause of the Fifth Amendment to the United States Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, and the Federal Tort Claims Act ("FTCA"). Defendants filed a Motion to Dismiss [17], which the Court granted in part [27]. The following claims remain: Plaintiff's claim that Defendant denied him a reasonable accommodation under the Rehabilitation Act of 1973, a Title VII retaliation claim, a hostile work environment claim, and a constructive discharge claim. Defendant Vilsack – the only remaining Defendant – filed a Motion for Summary Judgment [65], which is ripe for review.

## II. MOTION FOR SUMMARY JUDGMENT [65]

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must

merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (punctuation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### A. *Rehabilitation Act*

Plaintiff's Rehabilitation Act claims stem from two actions: 1) his supervisor's failure to abide by the medical restrictions imposed by his doctor in the fall of 2006, and 2) his employer's denial of various reasonable accommodations between November 2009 and May 2010. Defendant argues that these claims are time-barred.

The Rehabilitation Act's private cause of action is "subject to the same procedural constraints (administrative exhaustion, etc.) set forth in Title VII of the Civil Rights Act . . . ." *Smith v. Potter*, 400 F. App'x 806, 811 (5th Cir. 2010). "As a precondition to bringing an action in federal court, a complaining employee must exhaust their administrative remedies by filing the charge of discrimination with the

3

EEO division of their agency." *Id.*

> An aggrieved employee must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action. 29 C.F.R. § 1614.105(a)(1). Failure to initiate contact within the required period bars review of the claim in federal court absent waiver, estoppel, or equitable tolling. . . . [T]he limitation period starts running when the plaintiff knows of the discriminatory act.

*Austin v. Potter*, 358 F. App'x 602, 605 (5th Cir. 2010) (some citations omitted).

In July 2006, Plaintiff injured his right arm while marking trees. His doctor restricted him to desk work and later imposed more specific restrictions. Plaintiff claims that his supervisor, Lee, assigned him duties exceeding those medical restrictions at various times in October 2006. Defendant presented undisputed evidence [14] that Plaintiff first contacted his agency's EEO Counselor on September 21, 2010 – almost four years after Lee's alleged actions and well outside of the forty-five day time period imposed by 29 C.F.R. § 1614.105. Plaintiff argues that he initiated EEO contact by contacting David Jones, a "civil rights representative," in September 2006, and Anthony Bond, a "union official," in October 2006.

The Fifth Circuit has held that a plaintiff's contact with a party who is not an EEO Counselor does not satisfy the requirements of 29 C.F.R. § 1614.105(a)(1). The Court explained:

> An EEO Counselor is appointed by the EEO Director of the applicable agency and has significant duties that are defined in the regulations; EEO Counselors must inform individuals of their rights and responsibilities in writing, they must submit reports to the agency, and they must inform individuals of the relevant time frames. *See* 29 C.F.R. §1614.105(b); 24 C.F.R. § 7.12. The names, addresses and phone numbers of the EEO Counselors must be clearly posted for employees to see. 29

4

> C.F.R. §1614.102(b)(7). Allowing plaintiffs to substitute complaints to other offices for counseling with an EEO Counselor destroys the purpose of having EEO Counselors who must comply with federal regulations. Thus, [the plaintiff's] argument that her complaint to [another party] satisfies the section 1614.105(a) requirement that she meet with an EEO counselor within forty-five days is unpersuasive.

*Lewis v. Rumsfeld*, 273 F.3d 1108, 2001 WL 1131947, at *2 (5th Cir. 2001); *see also Molina v. Vilsack*, 748 F. Supp. 2d 702, 708-09 (S.D. Tex. 2010). The Court concludes, therefore, that Plaintiff failed to contact an EEO Counselor within forty-five days of Lee's alleged discriminatory actions in 2006, and that any Rehabilitation Act claims stemming from those actions are time-barred.

Plaintiff also claims that Defendant denied him certain reasonable accommodations between November 2009 and May 2010. Again, it is undisputed that Plaintiff first contacted an EEO Counselor on September 21, 2010. Any claims stemming from events prior to August 6, 2010 – such as the alleged denials of reasonable accommodations – are, therefore, time-barred. For all of the reasons stated above, the Court grants Defendant's motion for summary judgment as to Plaintiff's claims under the Rehabilitation Act.

### B. *Title VII Retaliation*

Plaintiff alleged that his supervisors, Robert Lee and Dave Berens, retaliated against him after he filed a union grievance against Lee in October 2006. Most of the alleged acts of retaliation occurred in 2006 and 2007, but Plaintiff also claimed that Berens suspended his driving privileges in May 2010. Defendant argues that all of these claims are time-barred.

5

As the Court explained above, "[b]efore seeking judicial relief for a Title VII violation, employees must exhaust their administrative remedies by filing a charge of discrimination with the EEO division of their agency. As part of the charge-filing process, an employee must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory . . . ." *Miller*, 359 F. App'x at 536 (citations and punctuation omitted). Plaintiff did not initiate contact with an EEO Counselor until September 21, 2010. Plaintiff's Title VII retaliation claims stem from events prior to August 6, 2010, and, therefore, they are time-barred. The Court grants Defendant's motion for summary judgment as to Plaintiff's Title VII retaliation claims.

## C. *Hostile Environment*

Defendant also argues that summary judgment is appropriate as to Plaintiff's hostile environment claim. To establish a claim of hostile work environment claim, a plaintiff must prove (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment complained of was based on his membership in the protected group; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Travis*, 221 F. App'x at 348. The Court will focus on the third element.

According to both Plaintiff's Amended Complaint [19] and his briefing on Defendant's motion for summary judgment, Plaintiff believes that he was subjected to a hostile working environment because of his disability. Plaintiff has failed, however,

6

to direct the Court to any evidence in the record which indicates that Defendant's actions were because of his disability.[1] Therefore, the Court grants Defendant's motion for summary judgment as to Plaintiff's hostile environment claim. *Travis v. Potter*, 221 F. App'x 345, 348 (5th Cir. 2007) (where plaintiff provided no evidence that his employer's actions were based solely on his disability, summary judgment as to hostile environment claim was proper).

## D. *Constructive Discharge*

Plaintiff conceded his constructive discharge claim. Therefore, the Court grants Defendant's motion as to that claim.

## III. CONCLUSION

For the reasons stated above, the Court **grants** Defendant's Motion for Summary Judgment [65]. Plaintiff's Motion in Limine [62] is, therefore, **moot**. The Court will enter a separate judgment in accordance with Rule 58.

SO ORDERED AND ADJUDGED this 18th day of July, 2013.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff failed to specify whether his hostile environment claim lies under the Rehabilitation Act or the Americans with Disabilities Act, but it does not matter. Although the two laws impose different standards of causation for a hostile environment claim, they both require *some* evidence that the alleged harassment occurred because of the plaintiff's disability. *See Soledad v. United States Dep't of Treasury*, 304 F.3d 500, 504-06 (5th Cir. 2002).